# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KELEDJIAN,<br><br>Plaintiff,<br><br>v.<br><br>JABIL CIRCUIT, INC. d/b/a NYPRO SAN DIEGO, INC.; AND SEAMUS KEITH,<br><br>Defendants. | Case No.: 17CV0332-MMA (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND;**<br><br>[Doc. No. 11]<br><br>**GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 7] |

On February 17, 2017, Defendant Jabil Circuit, Inc. removed this employment discrimination action to this Court from the Superior Court of California, County of San Diego. Defendant moves to dismiss Plaintiff's original Complaint and requests that the Court strike Plaintiff's First Amended Complaint, and Plaintiff moves to remand his action to Superior Court. *See* Doc. Nos. 7, 8, 11. The Court took the matters under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **DENIES** Plaintiff leave to file the FAC, **STRIKES** the FAC, and **DENIES** Plaintiff's motion for remand. *See* Doc. Nos. 6, 11. Further, the Court **GRANTS** Defendant's unopposed motion to dismiss the Complaint, and **DISMISSES** the Complaint without prejudice. *See* Doc. Nos. 1, 7.

# BACKGROUND

On December 22, 2016, Plaintiff George Keledjian filed this action in the Superior Court of California, County of San Diego, Case No. 37-2016-00045095-CU-OE-CTL, alleging the following state law claims: Fair Employment and Housing Act ("FEHA") claims for disability discrimination, age discrimination, and retaliation,[1] and claims for discrimination based on perceived medical condition or disability, and wrongful termination in violation of public policy. The Complaint alleged all claims against Jabil Circuit, Inc., d/b/a Nypro San Diego, Inc., and Seamus Keith. On January 19, 2017, Plaintiff served Defendant Jabil Circuit, Inc. with the Complaint and Summons. *See* Doc. No. 1. On February 17, 2017, Defendant Jabil Circuit, Inc. removed this action to this Court based on diversity jurisdiction pursuant to Title 28 of the United States Code, sections 1332(a) and 1441(a). *See* Doc. No. 1. In Defendant's notice of removal, Defendant argued removal was proper despite that Defendant Keith is a citizen of California because Keith is a "sham" defendant. Defendant noted that Plaintiff did not serve Keith with the Complaint and Summons, and stated that under settled California law, Keith could not be liable for any of Plaintiff's employment discrimination claims.

On February 24, 2017, Plaintiff filed a First Amended Complaint ("FAC"). *See* Doc. No. 6. The FAC alleges the aforementioned employment claims against Defendant Jabil Circuit, Inc.,[2] and asserts a claim for negligent infliction of emotional distress ("NIED") against Contran Tibre, but omits Keith as a defendant. In support of the NIED

---

[1] *See* Cal. Gov. Code § 12940.

[2] Despite that the FAC states that Plaintiff's employment claims are asserted against "All Defendants," Plaintiff's briefing indicates that Plaintiff did not intend to assert those claims against Tibre. On several occasions throughout the briefing, Plaintiff refers to the employment claims in the FAC as alleged "against Jabil" only. *See, e.g.*, Doc. No. 11 (referring to the employment claims as the "other claims against Jabil" and the FEHA claims as "stem[ming] from Jabil's negative impact on Plaintiff's career"). Also, Plaintiff does not dispute the veracity of Defendant's argument that supervisors are not individually liable for employment discrimination and retaliation claims. *See* Doc. No. 16; *see also* Doc. No. 13 (citing California Supreme Court case law holding that non-employer individuals such as supervisors are not liable for the employment claims included in the FAC). Accordingly, the Court construes the FAC as alleging employment claims against Jabil Circuit, Inc. only.

claim, the FAC alleges Tibre, Plaintiff's "immediate supervisor," called Plaintiff a "senior citizen" and a "discount club member," or something to that effect. *See* FAC, Doc. No. 6, ¶¶ 17, 71.

On the same day that Plaintiff filed the FAC, Defendant[3] filed a motion to dismiss the original Complaint, and requested that the Court strike the FAC. *See* Doc. Nos. 7, 8. Plaintiff did not file an opposition to Defendant's motion to dismiss the Complaint. Subsequently, on March 6, 2017, Plaintiff filed a motion to remand this action to Superior Court, which Defendant opposes.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship", meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). Title 28 of the United States Code, section 1441(a), provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). If, after proper removal, subject matter jurisdiction is destroyed, a plaintiff may file a motion to remand or the court may raise the jurisdictional issue *sua sponte*. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.

---

[3] Any reference to "Defendant" refers to Defendant Jabil Circuit, Inc. unless otherwise specified.

1990); *Sabag v. FCA US, LLC*, No. 216CV06639CASRAOX, 2016 WL 6581154, at *7 (C.D. Cal. Nov. 7, 2016).

## DISCUSSION

The parties do not dispute that removal was proper here. Accordingly, the Court begins by addressing the propriety of Plaintiff filing the FAC without leave of court, as well as the merits of Plaintiff's motion to remand.

### A. Plaintiff's First Amended Complaint and Motion to Remand

Plaintiff "did not have the unilateral right to add [Tibre] to the complaint" because Tibre, as a California citizen, would destroy complete diversity. *See Wolff-Bolton v. Manor Care-Tice Valley CA, LLC*, No. 17-CV-02405-JSC, 2017 WL 2887857, at *3 (N.D. Cal. July 7, 2017). District courts in California agree that where a party "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," courts must consider whether to exercise their discretion to allow joinder under 28 U.S.C. § 1447(e), rather than under the permissive Rule 15(a) standard.[4] *See, e.g.*, *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *6–7 (N.D. Cal. Dec. 15, 2016); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999). Specifically, section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). District courts in California generally consider six factors in determining the "propriety and fairness" of permitting joinder:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendant[] in state court; (3) whether there has been unexplained delay in

---

[4] Rule 15(a) allows amendment as a matter of course in some circumstances. *See* Fed. R. Civ. P. 15(a). Otherwise, a party must obtain the opposing party's written consent or leave of court, which should be liberally granted where justice so requires. *See* Fed. R. Civ. P. 15(a)(2).

> requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*See, e.g.*, *Lara v. Bandit Indus., Inc.*, No. 2:12-CV-02459-MCE-AC, 2013 WL 1155523, at *1–2 (E.D. Cal. Mar. 19, 2013) (quoting *IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)); *Medina v. Oanda Corp.*, No. 5:16-CV-02170-EJD, 2017 WL 1159572, at *3 (N.D. Cal. Mar. 29, 2017); *see Clinco*, 41 F. Supp. 2d at 1082. Courts "look at the factors as a whole." *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1013. "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.,* No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

Because Plaintiff did not seek leave of court prior to filing the FAC, Defendant requests the Court strike the FAC without considering the propriety of the amendments. *See* Doc. No. 8. Defendant is correct that Plaintiff was required to request leave to amend, and that the Court could strike the FAC on those grounds. However, it would be inefficient for the Court to strike the FAC only to allow Plaintiff to file a motion for leave to file an identical pleading. *See Wolff-Bolton*, 2017 WL 2887857, at *4 ("This Court believes the better approach is to presently consider whether joinder is appropriate, rather than strike the FAC, deny the motion to remand, and then decide the issue after Plaintiffs file a formal motion for leave to amend and another motion to remand."). Further, the parties have sufficiently contested the application of the above factors in briefing Plaintiff's motion to remand. Accordingly, the Court construes Plaintiff's FAC as a motion for leave to file the FAC. The Court discusses the above factors in turn below.

//

### 1. Whether Defendant Tibre is a Necessary Party[5]

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. P. 19(a)). However, "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *Id.* Where the non-diverse defendants are "only tangentially related to the cause of action or would not prevent complete relief," courts do not permit joinder. *Id.* at 1012. However, where failure to join those defendants would result in "separate and redundant actions," joinder is proper. *Id.* at 1011.

Plaintiff argues that if he is not permitted to join Tibre, Plaintiff will have to litigate separate and redundant actions in state and federal court. Plaintiff urges that a separate lawsuit against Tibre would involve "the same documents, depositions, interrogatories, and admissions involved in the present suit because Tibre's alleged conduct occurred at Jabil." *See* Doc. No. 11. Further, because Tibre's conduct occurred at Jabil Circuit, Inc., Plaintiff contends that the conduct "gave rise to Plaintiff's claims against Jabil." *See* Doc. No. 11. Defendant argues Tibre is not a necessary party because Plaintiff can obtain complete relief from Defendant Jabil for "claims related to his employment from Jabil and separation therefrom." *See* Doc. No. 13.

The Court finds this factor weighs slightly in favor of allowing joinder. On one hand, it is clear that Rule 19 does not require that Tibre be joined, and there is little, if any, overlap between the legal issues pertinent to Plaintiff's employment claims and those relevant to Plaintiff's proffered NIED claim. On the other hand, the facts giving

---

[5] In support of Defendant's opposition to Plaintiff's motion to remand, Defendant requests the Court take judicial notice of a copy of the charge of discrimination that Plaintiff filed with the Equal Employment Opportunity Commission. *See* Doc. No. 13-2. However, the Court need not consider that document in determining whether to allow amendment. The Court accordingly **DENIES** Defendant's request without prejudice.

rise to Plaintiff's employment claims overlap to an extent with those underlying Plaintiff's NIED claim. The overlap is such that Defendant is more than "tangentially related" to the pending employment claims and there is some risk of redundancy. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012.

### 2. *Whether a Separate Action Against Tibre Would be Time-Barred*

This factor weighs slightly against permitting joinder. Plaintiff does not argue that the statute of limitations would prevent Plaintiff from commencing a separate action against Tibre in state court. *See Clinco,* 41 F.Supp.2d at 1083 (stating that because the plaintiff did not argue the claim would be time-barred, this "factor [did] not support amendment").

### 3. *Whether There Has Been Unexplained Delay*

Regarding this factor, some courts have focused on whether plaintiffs adequately explain any delay in seeking amendment, whereas others have focused on the length of the delay, and others have considered both. *See, e.g.*, *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012 (considering only the length of the delay); *Yang*, 2010 WL 2680800, at *4 (relying mainly on the plaintiffs' "reasonable explanation for the delay in seeking to amend"); *Wolff-Bolton*, 2017 WL 2887857, at *5 (considering both).

The Court considers both the length of the delay and whether Plaintiff adequately explains his failure to include Defendant Tibre in the original Complaint. Plaintiff filed the FAC approximately 39 days after serving Defendant Jabil Circuit, Inc. with the Summons and Complaint. Plaintiff filed the FAC only ten days after removal. This case is in its infancy and Plaintiff did not unreasonably delay in seeking amendment. *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012 (stating that the plaintiff acted in a timely fashion where it sought amendment around one month after removal, and two months after the filing of the complaint).

However, Plaintiff's explanation as to why he did not include a NIED claim against Tibre in the first instance is weak. Plaintiff states that he "inadvertently" failed to "enumerate a separate cause of action for Tibre's conduct" despite that the factual

allegations regarding his conduct were included in the Complaint. *See* Doc. No. 11. But, those factual allegations did not name Tibre as the perpetrator of the conduct.

Further, Plaintiff's explanation of inadvertence is undermined by defense counsel's declaration under penalty of perjury. Defense counsel states that she called Plaintiff's counsel shortly after removal, on February 23, 2017, in order to meet and confer regarding the motion to dismiss that Defendant planned to file. *See* Doc. No. 13-1, ¶ 2. According to the declaration, Plaintiff's counsel stated that he planned to amend the Complaint to add a claim for intentional infliction of emotional distress against Seamus Keith. Ultimately, Plaintiff did not file an intentional infliction of emotional distress claim against Keith. Instead, Plaintiff filed the FAC, which alleges a NIED claim against Tibre. Based on the foregoing, Plaintiff's contention that he had always intended to allege a NIED claim against Tibre, but later realized that he mistakenly omitted it, is dubious.

Further, Plaintiff does not argue that he did not know the identity of Tibre or any of the factual allegations underpinning his NIED claim. *See San Jose Neurospine*, 2016 WL 7242139, at *11 (stating that where new factual allegations were not unknown to the plaintiff at the time the plaintiff filed the original complaint, one can "justifiably suspect . . . amendment . . . was caused by the removal rather than an evolution of" the plaintiff's case).

In sum, the Court finds this factor weighs against permitting joinder.

           4.      *Whether Plaintiff Solely Intends to Defeat Federal Jurisdiction*

In a similar vein, it appears that Plaintiff's intent in seeking joinder is primarily, if not solely, to defeat federal jurisdiction by destroying diversity. "The Ninth Circuit has instructed that, because 'motive in seeking joinder' is a relevant factor in determining whether amendment is appropriate, 'a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction." *See San Jose Neurospine*, 2016 WL 7242139, at *10 (quoting *Desert Empire Bank v. Ins. Co of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). Without

any evidence of improper motive, the Court would not "impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. "Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Id.* However, defense counsel's declaration states that, upon informing Plaintiff's counsel of Defendant's plan to file a motion to dismiss the Complaint, Plaintiff's counsel responded that he would amend the pleadings "to add a cause of action for intentional infliction of emotional distress against Seamus Keith '*to try to get the case remanded*.'" *See* Doc. No. 13-1, ¶ 2 (emphasis added). Plaintiff's counsel does not attempt to dispute the veracity of defense counsel's declaration. Thus, the Court is faced with uncontroverted evidence of Plaintiff's motive to amend the pleadings to destroy complete diversity.

Further, as noted above, Plaintiff did not file an intentional infliction of emotional distress claim against Keith, but instead attempted to add a NIED claim against Tibre. This fact heightens suspicions because it leaves the Court with the sense that, in the wake of removal and a potential motion to dismiss, Plaintiff began to contemplate potentially viable claims against non-diverse defendants.

Also, "in evaluating motive, courts have considered whether the plaintiff was 'aware of the removal'" and that "the basis for removal was diversity jurisdiction" at the time the plaintiff amended the pleadings to add a non-diverse defendant. *See San Jose Neurospine*, 2016 WL 7242139, at *10. Here, Plaintiff filed the FAC ten days after removal, Defendant's notice of removal states that removal is based on diversity jurisdiction, and that Plaintiff's claims against Keith fail as a matter of law because individual supervisors are not liable for the claims alleged, pursuant to settled California law. *See* Doc. No. 1. On that note, it is also somewhat suspicious that Plaintiff named Keith, a non-diverse defendant, in the original Complaint, but did not serve him with the Complaint and Summons. *See* Doc. No. 1.

Lastly, "courts have inferred an improper motive where the plaintiff's proposed

amended complaint contains only minor or insignificant changes to the original complaint." *See San Jose Neurospine*, 2016 WL 7242139, at *10 (quoting *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016)). Here, the FAC is substantially similar to the original Complaint. The FAC alleges the same claims against Defendant Jabil Circuit, Inc., and includes essentially identical factual allegations. Plaintiff merely adds a claim for NIED against a new defendant.

On the whole, the record indicates that Plaintiff is attempting to manipulate the forum, and this factor accordingly weighs heavily against permitting joinder.

### 5. Whether Plaintiff's NIED Claim Appears Valid

In considering this factor, courts "'need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *See Meggs v. NBC Universal Media, LLC*, No. 217CV03769ODWRAOX, 2017 WL 2974916, at *8 (C.D. Cal. July 12, 2017) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)). Plaintiff seeks to add a NIED claim. "[T]here is no independent tort of negligent infliction of emotional distress." *See Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 961 (9th Cir. 2013) (quoting *Potter v. Firestone Tire & Rubber Co.,* 863 P.2d 795, 807 (1993)). Rather, a plaintiff asserting a cause of action for NIED must assert the elements of a negligence claim: duty, breach of duty, causation, and damages. *See Evans v. Gilmore*, No. 15-CV-01772-MEJ, 2017 WL 713143, at *8 (N.D. Cal. Feb. 23, 2017). There are two types of NIED cases: bystander cases and direct victim cases. *See Evans v. Gilmore*, No. 15-CV-01772-MEJ, 2017 WL 713143, at *8 (N.D. Cal. Feb. 23, 2017) (citing *Wooden v. Raveling*, 61 Cal. App. 4th 1035, 1037 (1998)). Bystander cases "are typically based on breach of a duty owed to the public in general." *Id.* (quoting *Moon v. Guardian Postacute Servs., Inc.*, 95 Cal. App. 4th 1005, 1009 (2002)). Otherwise, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the

emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *See Gangland Prods., Inc.*, 730 F.3d at 961 (9th Cir. 2013) (quoting *Potter,* 863 P.2d at 807–08).

To succeed on a NIED claim, a plaintiff must prove "severe" emotional distress, meaning "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 737 (9th Cir. 1986) (quoting *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 396 (1970)); *see Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377–78, 117 Cal. Rptr. 3d 747, 767–68 (2010) ("[S]erious emotional distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.").

Here, the FAC states that Tibre called Plaintiff a "senior citizen" and a "discount club member," or something similar. *See* FAC, ¶¶ 17, 71. However, based on the facts, it appears unlikely that Plaintiff would be able to demonstrate that "no reasonable man" would be expected to endure the stress he suffered as a result of those comments. Also, the FAC does not describe Plaintiff's emotional distress, but merely asserts that Plaintiff suffered "severe emotional distress." *See* FAC, ¶ 75. Further, as the circumstances only provide for liability under a direct victim theory, Plaintiff cannot rely on a general duty to the public. "[T]here is no duty to avoid negligently causing emotional distress to another, and [thus] damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff." *See Evans*, 2017 WL 713143, at *8 (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993)). Plaintiff states that Tibre "owed a duty of care to Plaintiff to refrain from engaging in harassing conduct against Plaintiff," but Plaintiff fails to provide any basis for the existence of such a duty. *See* FAC, ¶ 71.

In addition to those deficiencies apparent on the face of the pleadings, Defendant argues Plaintiff's NIED claim is not supported by California law. First, Defendant argues Plaintiff's NIED claim fails because it is based on intentional conduct. Some courts have

held that "[a]n employer's supervisory conduct is inherently 'intentional,'" and accordingly "does not support a cause of action for negligent infliction of emotional distress." *See, e.g.*, *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990); Miller, 797 F.2d at 738 (stating evidence that an employer "intentionally retaliated" against an employee "preclude[s] an assertion that this same intentional action constituted negligence"); *U.S. ex rel. Knapp v. Calibre Sys., Inc.*, No. CV 10-4466 ODW JCGX, 2011 WL 3204454, at *1 (C.D. Cal. July 25, 2011); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1185 (C.D. Cal. 2002); *Edwards v. U.S. Fid. & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994), *aff'd*, 74 F.3d 1245 (9th Cir. 1996) ("[W]here the conduct alleged is intentional, it cannot be used as a basis for a negligent infliction of emotional distress claim."). Plaintiff does not contest Defendant's argument.

Second, Defendant argues that a NIED claim is preempted by the California Workers' Compensation Act because Plaintiff sustained the alleged emotional injuries "in the course of employment." *See* Doc. No. 13. While Defendant may be correct if Plaintiff were suing his employer for NIED, Plaintiff asserts the NIED claim against Tibre, an individual. As such, it is unclear whether Plaintiff's claim is preempted, and neither party discusses this seemingly important distinction. Accordingly, the Court declines to rely on Defendant's second argument.

Weighing the above, the Court concludes that this factor is neutral.[6]

6. *Whether Denial of Joinder Would Prejudice Plaintiff*

Neither party addresses the prejudicial effect of denying joinder. District courts have stated that "[p]rejudice exists if the proposed defendant is 'crucial' to the case," but "does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6 (quoting *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010)). Another district court has stated that a

---

[6] Further, even were the Court to assume that the NIED claim "appears valid," and consequently that this factor weighs in favor of allowing joinder, the Court's ultimate determination would remain the same.

plaintiff suffers prejudice if denying joinder "would force the plaintiff to choose between: (1) engaging in 'redundant litigation' in state court arising out of the 'same facts and involving the same legal issues'; or (2) foregoing its potential claims against the to-be-added party." *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11-1861 DOC, 2012 WL 254039, at *9 (C.D. Cal. Jan. 25, 2012) (citing *IBC Aviation Servs., Inc.*, 125 F.Supp.2d at 1013).

Under either iteration, this factor weighs against allowing Plaintiff to amend. Plaintiff has not demonstrated that Defendant is "crucial" to this case. Nowhere in the briefing does Plaintiff argue that he could not obtain complete relief for his injuries if joinder is denied. As discussed above, while there is some overlap between the facts underlying Plaintiff's claims against Defendant and those underlying Plaintiff's proposed NIED claim, the legal issues are distinct. Thus, the risk of redundancy appears to be minimal. Because Plaintiff states a NIED claim would not be time-barred, he would not necessarily have to forego that claim if the Court does not allow amendment. However, the Court affords this factor little weight because some of the issues overlap with issues discussed above, and its application to the facts of this case has not been fully briefed by the parties.

In sum, out of six factors, four weigh against permitting amendment, while one factor weighs slightly in favor of permitting amendment, and one factor is neutral. Considering the circumstances as a whole, the Court finds it inappropriate to allow Plaintiff to amend the pleadings to add a diversity-destroying defendant. As such, the Court **DENIES** Plaintiff leave to file the FAC, **STRIKES** the FAC from the docket, and **DENIES** Plaintiff's motion to remand.

### B. Defendant's Motion to Dismiss

As noted, Defendant has filed a motion to dismiss Plaintiff's original Complaint, which Plaintiff does not oppose. The Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require, it to do so. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Here, Civil

Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to oppose.[7] Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits where the plaintiff fails to defend his or her complaint against a Rule 12 motion. Accordingly, the Court **GRANTS** Defendant's unopposed motion to dismiss, and **DISMISSES** Plaintiff's Complaint without prejudice.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff leave to file the FAC, **STRIKES** the FAC, and **DENIES** Plaintiff's motion for remand. *See* Doc. Nos. 6, 11. Further, the Court **GRANTS** Defendant's unopposed motion to dismiss the Complaint, and **DISMISSES** Plaintiff's claims without prejudice. *See* Doc. Nos. 1, 7. Plaintiff may file an amended complaint, if any, on or before **September 1, 2017**. Plaintiff may not add new causes of action or additional parties without leave of court.

The Clerk of Court is instructed to strike the FAC and terminate Contran Tibre as a defendant to this action.

**IT IS SO ORDERED.**

Dated: August 10, 2017

Hon. Michael M. Anello
United States District Judge

---

[7] Also, Plaintiff's failure to comply with the provisions of Civil Local Rule 7.1.e.2 constitutes a failure to comply with the provisions of this Court's Local Rules, which serves as an additional basis for dismissal under Civil Local Rule 41.1.b.